IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ROBERT WAYNE CRAWFORD, # 235831,   )  | Civil Action No. 3:04-22994-SB-JRM |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | |
| ) | |
| LT. JON DURANT;   ) | |
| C.O. ROBERT EAUDY; AND   ) | |
| C.O. PITTMAN,   ) | |
| ) | |
| Defendants,   ) | **MAGISTRATE JUDGE'S** |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |

Plaintiff, Robert Wayne Crawford, filed this action on November 24, 2004.[1] He is an inmate at the Tyger River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). At the time of the alleged incident, Plaintiff was housed at the Kershaw Correctional Institution ("KCI") of SCDC. Defendants filed a motion for summary judgment on March 28, 2005. Plaintiff, because he is proceeding pro se, was advised on March 21, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on March 28, 2005.

DISCUSSION

Plaintiff alleges that Defendants were deliberately indifferent to his safety in placing him in a Special Management Unit ("SMU") sally port with another inmate, Antonio Thompson. He

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

claims that Thompson attacked him with a weapon (piece of a fence).  Defendants argue they are entitled to summary judgment because their actions do not constitute a failure to protect under the Eighth Amendment.  Specifically, Defendants argue that Plaintiff's injury was de minimis and they acted reasonably in protecting him from any perceived harm.

Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim.[2]  Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).  Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994).  In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847.  The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk.  "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837.  While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive.  Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence.  Whitley v.

---

[2]Plaintiff's claims are properly analyzed under the Eighth Amendment rather than the Fourteenth Amendment because at the time of the alleged incidents he was a convicted prisoner and not a pretrial detainee.

Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312 (4th Cir. 1991), cert. denied, 502 U.S. 828 (1991); Pressly, supra.[3]

Plaintiff's claim fails because he has alleged no more than de minimis injury from the alleged attacks. See Norman v. Taylor, 25 F.3d 1259, 1263-64 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995). In his opposition memorandum, Plaintiff states he suffered from pain and headaches from the attack. Corporal Richard Pittman states that Plaintiff's injury required only one or two stitches. Pittman Aff. Defendant Eudy states that Crawford only had a superficial cut on his head.

Plaintiff alleges that Thompson is "known for evading handcuffs and spontaneously assaulting inmates & staff." Complaint at 3. He also appears to allege that Defendants were deliberately indifferent because they failed to supervise inmates in restraints, did not "double lock" Thompson's handcuffs or separate him from other inmates, and had "full knowledge of weapons being made from recreation fences [but did not shake] down inmates upon re-entry of unit from rec. field [or fix the] fences." Complaint, at 3. Plaintiff, however, fails to show that defendants were deliberately indifferent to a known danger to him from Thompson.

Plaintiff has not shown that Defendants knew of a specific risk to Plaintiff from inmate Thompson prior to the alleged incident, that he was subject to a specific threat, that the risk of attack at KCI was pervasive, or that Plaintiff was in a class particularly vulnerable to assault. See

---

[3]Further, negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 238-36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-03 (1989).

3

Farmer, supra; Randolph v. State of Maryland, 74 F. Supp. 2d 537, 543 (D.Md. 1999). Defendant Eudy states that while Crawford and Thompson were in the sally port, he was assisting a nurse with the care and treatment of another inmate; the medical room is only a few feet away from the door to the sally port (the sally port is a small holding cell used to hold inmates while they are in the medical area); during the time the inmates were in the sally port they were within the view of the control booth operator; Eudy heard Plaintiff and Thompson fighting and went to break up the fight; the cells in the SMU are inspected routinely to discovery any weapons; after the incident a small piece of wire was discovered in Thompson's possession; at the time of the incident it was not a violation of any SCDC procedure to have two inmates in belly chain restraints in the sally port; and at the time of the incident he was not aware of any reason to separate Thompson and Plaintiff from each other or any other inmates. Eudy Aff. Pittman states that Crawford and Thompson were placed in belly-chains while in the sally port; the belly-chains prevent movement of an inmate's arms above the stomach area and offer more control than typical handcuffs locked in front of an inmate; while Plaintiff and Thompson were in the sally port, Pittman was down the hall in the SMU removing additional inmates that needed to be viewed by medical personally; during the course of removing those inmates, Pittman received a call over the radio about the altercation and rushed to the sally port to assist Officer Eudy; an investigation of the incident showed that Thompson had most likely used a foreign object to pick the lock on his belly chains and then he attempted to assault Plaintiff; Plaintiff managed to slip his hand out of his own cuff and bloody Thompson's nose; and both inmates were charged with fighting as a result of the incident. Durant states that he was not present during the alleged incident, he was not aware of any reason why Crawford and Thompson should have been separated from each other or any

other inmates, and he was not aware of any behavior by himself or other officers that approached deliberate indifference or reckless disregard for the safety of any inmate. Durant Aff.

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 11) be granted.

                Respectfully submitted,

                s/Joseph R. McCrorey
                United States Magistrate Judge

October 13, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201